

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

NO. WR-80,822-01

**JOSEPH M. MARRUFO, Applicant**

ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 2008CR0327 IN THE 290TH DISTRICT COURT
FROM BEXAR COUNTY

KELLER, P.J., filed a dissenting opinion in which KEASLER and HERVEY, JJ., joined.

I agree that retaining both burglary convictions violates double jeopardy. But there was a plea agreement in this case, so the question arises whether the entire plea should be undone. In *Ex parte Ervin*, we vacated one of the convictions on double-jeopardy grounds when there was a plea agreement, but the State in that case expressed its desire to waive the illegal portion of the plea agreement and enforce the remainder as modified.[1] We should remand this case to the trial court to determine what remedy the parties desire and to determine whether either party would be prejudiced by a decision to vacate one of the convictions rather than undoing the entire plea. Because the Court

_____

[1] 991 S.W.2d 804, 817 (Tex. Crim. App. 1999).

simply vacates one of the convictions without obtaining input from the parties, I respectfully dissent.

Filed: April 9, 2014
Do not publish